IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MELISSA INGRAHAM, individually and )
on behalf of others similarly situated, )
                                  )
              Plaintiffs, )
                                  )
vs.                                )       Case No. 10-4160-CV-S-ODS
                                  )
DIXON AMBULANCE DISTRICT, )
                                  )
             Defendant. )

ORDER AND OPINION GRANTING
DEFENDANT'S MOTION TO DISMISS COUNT TWO

      Pending is Defendant's Motion for Partial Summary Judgment or, in the
Alternative, to Dismiss Count II.  Having considered the motion (Doc. # 14), the Court
concludes the appropriate course is to dismiss Count II.

      Plaintiff is (or was) a paramedic or EMT working for the Dixon Ambulance
District.  She alleges that Defendant required paramedics and EMTs to work more than
forty hours in a workweek, but failed to pay the paramedics and EMTs more than their
regular, "straight time" wages for the overtime.  Count I alleges violations of the Fair
Labor Standards Act and is not implicated by Defendant's motion.  Count II alleges
violations of Missouri's Minimum Wage Law.  Defendant contends Count II must be
dismissed because an ambulance district is not an employer within the meaning of
Missouri's Minimum Wage Law.

      The liberal pleading standard created by the Federal Rules of Civil
Procedure requires "a short and plain statement of the claim showing that the pleader is
entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed.
R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the
defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id.
(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In ruling on a motion
to dismiss, the Court "must accept as true all of the complaint's factual allegations and

view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School
Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to state a claim to relief that is plausible on its
> face. A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The plausibility standard is
> not akin to a probability requirement, but it asks for more than a sheer
> possibility that a defendant has acted unlawfully. Where a complaint
> pleads facts that are merely consistent with a defendant's liability, it stops
> short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss
> can choose to begin by identifying pleadings that, because they are no
> more than conclusions, are not entitled to the assumption of truth. While
> legal conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Missouri law requires an "employer" to pay an overtime wage for the amount of
time in excess of forty hours worked in a week. Mo. Rev. Stat. § 290.505.1. In 2006,
the definition of "employer" was amended to mean "any person acting directly or
indirectly in the interest of an employer in relation to an employee. Mo. Rev. Stat. §
290.500(4). The definition appears unhelpful, but it establishes that an "employer" must
be a "person." The 2006 amendment added the following definition for "person": "any
individual, partnership, association, corporation, business, business trust, legal
representative or any organized group of persons." Id. § 290.400(8).

An ambulance district is "a body corporation and political subdivision of the
state." Mo. Rev. Stat. § 190.010.2. It does not qualify as any of the entities that may be
a "person," so it cannot be an employer. Subdivisions of the state are not employers for
purposes of the Minimum Wage Law. Neither are "body corporations," as Missouri

Courts have consistently held that the term "corporation," appearing alone, is not the same as a "public corporation."  E.g., Casualty Reciprocal Exchange v. Missouri Employers Mut. Ins. Co., 956 S.W.2d 249, 255 (Mo. 1997) (en banc); City of Webster Groves v. Smith, 102 S.W.2d 618, 619-20 (Mo. 1937) Hunt v. St. Louis Housing Auth., 573 S.W.2d 728, 729-30 (Mo. Ct. App. 1978) (collecting cases).

The Court's conclusion is augmented by the fact that before the 2006 amendment, local governments were not subject to the Minimum Wage Law. Careful examination reveals that the 2006 amendment simply divided the prior definition of "employer" into two components; the prior definition of "employer" was "any individual, partnership, association, corporation, business, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee."  There was no definition of "person."  The 2006 amendment did not change the substance of the law in this respect, so it did not change the prior understanding that municipal corporations were not bound by the Minimum Wage Law.

For these reasons, Count II is dismissed for failure to state a claim.
IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 1, 2010                    UNITED STATES DISTRICT COURT