IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MELISSA INGRAHAM, individually and )
on behalf of others similarly situated, )
)
        Plaintiffs, )
)
vs. ) Case No. 10-4160-CV-S-ODS
)
DIXON AMBULANCE DISTRICT, )
)
        Defendant. )

## ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION

Pending is Plaintiffs' motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b). The motion (Doc. # 8) is granted.

## I. BACKGROUND

Plaintiff is (or was) a paramedic or EMT working for the Dixon Ambulance District. She alleges that Defendant required paramedics and EMTs to work more than forty hours in a workweek, but failed to pay the paramedics and EMTs more than their regular, "straight time" wages for the overtime. Count I alleges the failure to pay overtime violates the Fair Labor Standards Act (FLSA).

## II. DISCUSSION

The FLSA provides that a plaintiff may bring suit under the FLSA "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, an employee does not become a party to the suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Plaintiff seeks conditional certification so she can send notices to all employees who might be eligible to opt in.

The Eighth Circuit has not adopted a particular standard for evaluating such requests, but a majority of the district judges in the circuit (including the undersigned) have used the analysis adopted by the Fifth Circuit. "Under this two-step process, the plaintiff first moves for class certification for notice purposes. . . . Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.'" Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007). "At the second step of the process, the defendant may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision." Id.

Because the decision at this stage is made with limited information and is conditional in nature, the plaintiff's burden is not onerous. The minimal showing is justified because Congress has effectively determined that the would-be class members already have something in common: they all worked for the same employer and they all challenge the same or similar pay practices. At this preliminary stage there is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances. E.g., Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D. Mo. 2008); Kautsch, 504 F. Supp. 2d at 689; Young v. Cerner Corp., 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007).

Plaintiff has met her burden. The class members share similar characteristics in that their job titles and duties are the same. Plaintiff and one other former employee have provided sworn statements indicating that they worked in excess of forty hours a week "many times" without receiving overtime compensation, and that Defendant's Administrator (Janet Driscoll) stated Defendant did not pay overtime. Plaintiff has submitted pay records that suggest Defendant did not pay overtime. For instance, for the pay period from November 7, 2009 to November 20, 2009, Plaintiff worked more than 140 hours. Obviously, this would have required her to work more than forty hours during at least one of the two weeks in this pay period. However, Plaintiff was paid her normal hourly rate for all of the time worked.

2

Defendant opposes certification, but its arguments are unpersuasive in light of the burden Plaintiff must meet at this juncture. It contends its policies and practices have changed over the three year period described by the Complaint. Until the Record is more fully developed, the Court cannot even determine that these differences have any effect on the analysis. If it turns out that differences in policy are significant, the issue can be addressed at the second stage when Defendant seeks decertification. At that time, it might be necessary to formulate subclasses or designate additional class representatives, and it may even be possible to decide that Defendant violated FLSA for only part of the three-year period. Presently, such a decision cannot – and need not – be made.[1] Defendant also invites the Court to consider its explanations for its conduct, but this inquiry is premature.

In granting Plaintiffs' motion, the Court approves the sending of notices to all current and former EMTs and paramedics who have worked for Defendant within the last three years. Defendants are directed to provide Plaintiffs with a computer readable data file containing the name, last known address, dates of employment, phone number, and e-mail address for each current and former employee falling within the class definition. Plaintiffs are free to use the documents attached as exhibits to their motion to contact the members of the class and advise them of their rights (including their right to opt into the class).[2] Defendant is also ordered to post a copy of Exhibit 4 (that has been suitably amended to reflect that it is was not mailed or addressed to a particular individual) in its break room(s).

---

[1] Defendant points out (and her affidavit confirms) that Plaintiff only worked for Defendant from October 2009 to July 2010. In the final analysis she may not be an appropriate representative for a class, which will undoubtedly include people who worked for the entire three-year period. The existence of different policies, including some that were not in effect when Plaintiff worked for Defendant, may also affect her ability to adequately represent the class. At some point, Counsel may wish to consider whether appointing additional class representatives may be necessary or prudent.

[2] Plaintiff should amend the Notice to (1) reflect that the case is pending before the undersigned and not Magistrate Judge Sarah Hays and (2) change all references indicating there are multiple plaintiffs to accurately reflect that, at present, there is only one named plaintiff.

## III. CONCLUSION

Plaintiff has satisfied the minimal standard necessary to justify conditional certification. Accordingly, the motion is granted.

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
DATE: November 1, 2010                 UNITED STATES DISTRICT COURT